# IN THE UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| RANDALL MASON, Individually and on behalf of Other Former and Current Employees Similarly Situated, | |
| Plaintiff | |
| v. | Case No. 3:10:1025 |
| | JURY DEMAND |
| GUNNAR J. TIEDT d/b/a Overhead Door Company of Nashville, | Judge Campbell/Bryant |
| and | |
| G&W DOOR COMPANY, INC. d/b/a Overhead Door Company of Nashville, | |
| Defendant, | |

_____

# INITIAL CASE MANAGEMENT ORDER
_____

1. **PARTIES**

The Plaintiff is properly listed as styled above. The Plaintiff contends that it would appear based upon the evidence that it has, that Gunnar Tiedt is the proper

Defendant as the employer of the Plaintiff. The Defendant contends that G&W Door Company is the proper Defendant as the employer of the Plaintiff. Pending the Defendant's response to the Plaintiff's initial set of interrogatories and request for production, the Plaintiff and Defendant differ on who the proper Defendant is

2. **JURISDICTION**

Pursuant to 28 U.S.C.A. § 1337 this court has original jurisdiction since this is an action alleging a violation of the Fair Labor Standards Act, 29 U.S.C.A. § 207 which is an act of Congress which regulates commerce.

3**. PARTIES' THEORIES OF THE CASE**

A. The Plaintiffs Theory of the Case.

The Plaintiff began working with the Defendant on or about December 14, 2002 and worked for the Defendant until he was terminated on or about September 3, 2010. During all or part of the three (3) years preceding the filing of this complaint and for which the Plaintiff worked for the Defendant, the Defendant failed to pay the Plaintiff one and one-half (1.5) times the regular rate at which the Plaintiff was employed at that time for all hours over the forty (40) hours that the Plaintiff worked each week. The act of the Defendant in failing to pay the Plaintiff overtime wages was willful in that the Defendant knew or should have known its conduct was prohibited by the Fair Labor Standards Act and either recklessly and/or intentionally

disobeyed or ignored the law. The failure of the Defendant to pay overtime was not only committed against the Plaintiff, but against other Current and/or Former Employees of the Defendant similarly situated to that of the Plaintiff. Because the actions of the Defendant were wilful, reckless or intentional, the Plaintiff, on behalf of himself and other current and/or former employees who are similarly situated, is entitled to recover damages for the three (3) years preceding the filing of this complaint. Because the actions of the Defendant were wilful, reckless or intentional, the Plaintiff, on behalf of himself and other current and/or former employees who are similarly situated, is entitled to received liquidated and/or punitive damages pursuant to the provisions of the Portal-to-Portal Pay Act, 29 U.S.C.A. 260.

B. Defendant's Theory of the Case.

As more fully set out in Defendants' respective Answers, Plaintiff was employed at all times relevant by Defendant G&W Door Company, Inc. d/b/a Overhead Door Company of Nashville ("G&W") until he resigned in and around the end of August, 2010. Gunnar Tiedt ("Mr. Tiedt"), while a shareholder and officer of G&W, is not a sole proprietor, does not do business as Overhead Door Company of Nashville, and was at no time Plaintiff's employer.

G&W denies that it has failed to pay Plaintiff all overtime compensation due him during the preceding three years, or otherwise. G&W denies that it has violated

any applicable provisions of federal or state law relating to the payment of wages or overtime, including, but not limited to, the Fair Labor Standards Act or Portal-to-Portal Pay Act.

While G&W denies that it has failed to pay Plaintiff all due compensation under applicable law, even had it failed to do so, such failure would not arise from willful, reckless, or intentional conduct of G&W or its officers and managers.

Because Mr. Tiedt at no time in the preceding three years, or otherwise, employed Plaintiff, Mr. Tiedt cannot possibly have had any obligation to pay any compensation to Plaintiff; thus, no relief can be had against him. Because G&W has fairly compensated Plaintiff at all times, G&W is likewise entitled to dismissal of Plaintiff's complaint against it.

4. **SCHEDULE OF PRETRIAL PROCEEDINGS**

A. Discovery Scope and Schedule.

The parties agree and it is hereby ordered that the following scheduling order shall be placed into effect for these matters:

1. The Plaintiff has already submitted his limited first set of interrogatories and request for production to the Defendants as of the date of the entry of this Case Management Scheduling Order.

2. The Defendants shall submit their answers to the Plaintiff's First Set of Interrogatories and Request for Production by February 14, 2011.

3. The Defendant shall submit its discovery to the Plaintiff no later than February 14, 2011 and the Plaintiff shall file it's answers thereto no later than March 14, 2011.

.   4. The Plaintiff shall identify all experts and their expected testimony by May 1, 2011;

5. The Defendant shall identify all experts and their expected testimony by June 1, 2011;

6. Any supplements to the Plaintiff's expert testimony shall be provided by July 1, 2011;

7. Depositions for discovery and for expert testimony shall be completed by September 1, 2011.

8. Any dispositive motions and Daubert motions shall be filed by October 15, 2011;

9. Responses to disposition motions shall be filed by November 15, 2011; A reply, limited to five pages, may be filed by November 29, 2011.

10. The target jury trial date is March 6, 2012.

11. This matter shall be set for a jury trial and pretrial conference by separate order.

12. Should the Plaintiff decide to move this court to certify this matter as a collective action, then the Plaintiff will file said motion by March 1, 2011.

13. The Defendant shall file their response to the Plaintiff's motion for collective action certification by March 14, 2011.

14. A hearing on the motion for certification as a collective action shall be set for _____.

15. Further deadlines and time limits shall be set by the court pending a decision of whether this matter is certified as a collective action.

This the 2nd day of February, 2011.

                                            *s/ John S. Bryant*
                                            _____
                                            John S. Bryant
                                            U.S. Magistrate Judge

APPROVED FOR ENTRY:


/**s**/Patrick Johnson
Mr. Patrick Johnson, Esq.
Tennessee BPRN 7339
Attorney for the Plaintiff
Johnson, Scruggs & Barfield
95 White Bridge Road
Suite 508, Cavalier Building
Nashville, Tennessee 37205
Phone: 615-352-8326;
Fax: 615-356-6954
E-mail: patrickjohnson@jsblaw.com

/s/Michael Castellarin
Mr. Michael Castellarin, Esq.
Tennessee BPRN 12015
Attorney for the Plaintiff
Moody, Whitfield and Castellarin
95 White Bridge Road
Suite 509, Cavalier Building
Nashville, Tennessee 37205
Phone: 356-8130
Fax: 356-8138
Email: mmcastellarin@mwc-lawfirm.com


/s/Philip Robertson
Mr. Philip L. Robertson, Esq.
Tennessee BPRN 21668
1222 16th Avenue South
Suite 21
Nashville, Tennessee 37212
Phone: 615-873-1063
Email: probertson@Robertson LG.com